United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLESTON SINGLETARY, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04419 |
| | § | |
| THERESA MAY, et al. | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendants, Senior Judge Kenneth Hoyt, Senior Judge Lee Rosenthal, Judge Charles Eskridge, and former Magistrate Judge Sam Sheldon ("Defendants"). (Doc. No. 6). Plaintiff has not responded. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motion to Dismiss. Plaintiff has filed a motion to Proceed In Forma Pauperis, (Doc. No. 2), and a motion for Extension of Time to Serve Defendants with Process. (Doc. No. 7). The Court **GRANTS** Plaintiff's motion to Proceed In Forma Pauperis. (Doc. No. 2). The Court **GRANTS IN PART** Plaintiff's motion for Extension of Time to Serve Defendants with Process as it relates to the only remaining Defendant, Theresa May. (Doc. No. 7). Having considered the briefing and applicable law, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. No. 6).

## I. Background

Plaintiff filed this case on June 2, 2026, alleging violations of "Title II Civil Rights Act 1964, Concealment 18 USC 2071 [sic], 18 USC 241, 242 [sic], and 42 USC 1983 Color of Law[.]" (Doc. No. 1, Statement of Claims). Although it is unclear from Plaintiff's Statement of Claims, it seems as though Plaintiff filed two writs of habeas corpus in the spring of 2020—4:20-cv-00645 and 4:20-cv-00747—which were consolidated under the first case number and assigned to Judge Hoyt. Shortly thereafter, the cases were reassigned to Judge Eskridge. (4:20-cv-00645, Doc. No. 9). Judge Eskridge denied Plaintiff's motion for appointment of counsel. (*Id.* at Doc. No. 13). Plaintiff voluntarily dismissed his claims against all defendants on October 6, 2020. (*Id.* at Doc. No. 47). On November 20, 2020, Judge Eskridge issued an Order to Show Cause admonishing Singletary and his mother who were allegedly making improper contact with court personnel. (*Id.* at Doc. No. 50). He further ordered Singletary to appear before Magistrate Judge Sheldon to demonstrate why he should not be restrained from further participating in these lawsuits and why sanctions should not be imposed, and he also issued a cease-and-desist order pending the show cause hearing.[1] (*Id.*). In February 2021, Judge Eskridge denied Plaintiff's motion to withdraw his notice of voluntary dismissal. (*Id.* at Doc. No. 66). Plaintiff continued to file motions before Judge Eskridge until 2022 when Plaintiff filed a writ of mandamus with the Fifth Circuit which was dismissed as frivolous. (*Id.* at Doc. No. 75).

At the same time as the above proceedings, Plaintiff filed a third petition for writ of habeas corpus in October of 2020—4:20-cv-03446—which was originally assigned to Judge Lynn Hughes. It was reassigned to Judge Eskridge. (4:20-cv-03446, at Doc. No. 10). In December of 2020, Plaintiff filed motions to disqualify Judge Eskridge and Magistrate Judge Sheldon for

[1] Judge Sheldon does not appear to have issued a cease-and-desist order following the December 31, 2020 hearing. (4:20-cv-00645, Doc. No. 63).

alleged racial bias. (*Id.* at Doc. Nos. 25, 26). These were both denied. (*Id.* at Doc. No. 28). Plaintiff filed a writ of mandamus regarding this denial, and the Fifth Circuit dismissed that writ as frivolous. (*Id.* at Doc. No. 38). Eventually, Judge Eskridge dismissed Plaintiff's third writ of habeas corpus for lack of jurisdiction on May 29, 2024. (*Id.* at Doc. Nos. 40, 41).

In this case, Plaintiff's complaint alleges that Judge Rosenthal discriminatorily failed to instruct her staff to remove the prison administrator as a respondent because Plaintiff was not a prisoner in custody at that time. (Doc. No. 1, Statement of Claims, ¶ 1). He further claimed that all judges involved in the habeas proceedings, described above, discriminatorily characterized him as a prisoner and allegedly treated him as such during the proceedings and in various orders. (Doc. No. 1, Statement of Claims).

## II. Legal Standard

### a. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts

plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

**b. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Defendants move to dismiss Plaintiff's claims against them on the basis of their official judicial immunity. "It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) (quoting *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996)) (internal quotes omitted). Judicial immunity is overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal citations omitted). The Fifth Circuit has adopted a four-factor test for determining whether an act is judicial in nature:

> (1) whether the precise act complaint of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)).

Plaintiff's claims concern actions or the failure to take certain action that were all taken in the course of handling Plaintiff's cases and that were all within the purview of a federal district court. They were clearly judicial in nature. Plaintiff alleges that Defendants discriminated against him at various times and in various proceedings for orders they issued or chose not to issue, parties they added to the suits filed by Plaintiff, choosing not to respond to ex parte communication attempts, supervising court proceedings, allegedly characterizing him as a "Black, male criminal" in orders they issued, allegedly treating him as a prisoner during court proceedings, and correcting the style of the cases to accurately reflect the parties. (Doc. No. 1, Statement of Claims). Issuing

orders and managing Plaintiff's cases are normal judicial functions that likely occurred either from proceedings before the bench or from orders and opinions drafted in the relevant judge's chambers. Each of Plaintiff's complaints is centered around an ongoing proceeding before each of the judges listed as Defendants. Thus, the acts complained of are clearly judicial in nature. The Defendant judges are therefore immune.

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 6). Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**. (Doc. No. 2). Plaintiff's Motion for an Extension of Time to Serve the remaining Defendant, Theresa May, is **GRANTED**. (Doc. No. 7). Plaintiff has until December 31, 2026, to effectuate service of process.

Signed on this 4th day of November 2026.

Andrew S. Hanen
United States District Judge